## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHANTYA FIELDS,

      Plaintiff,

                                Case No.

v.

                                Hon.

PEPSICO, INC., a foreign corporation,

      Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Shantya Fields (hereinafter "Fields"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.    Plaintiff, Shantya Fields is a resident of the City Redford, County of Wayne and State of Michigan.

2.    Defendant, PepsiCo, Inc. (hereinafter "Pepsi") is a foreign corporation

whose resident agent is The Corporation Company and whose registered office address is 40600 Ann Arbor Rd., Suite 201 Plymouth, Michigan 48170 and who is duly authorized to do business in the southeastern district of Michigan.

3.      Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5.      Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful racial discrimination/harassment and retaliation in violation of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964 and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

<u>GENERAL ALLEGATIONS</u>

6.      Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7.      Plaintiff is an African-American female who began her employment with Defendant, Pepsi on November 6, 2023 and was most recently employed as a Merchandiser.

8.      Plaintiff was only one of two African-American employees of Defendant in her area.

2

9.     Plaintiff's employment was focused in the Howell and Livingston County area where she was subjected to ridicule and hostility due to her race.

10.    In or around February 2024 while stocking a Walmart store Plaintiff had a disagreement with the Walmart Store Manager about her job tasks.

11.    Plaintiff's supervisor instructed Plaintiff to get on her knees and sweep the floors and perform tasks normally performed by Walmart employees.

12.    Plaintiff was a team player who had no problem or issue stepping outside of her normal job responsibilities and go above and beyond to get the job done when the circumstances required.

13.    There was no immediate need or other circumstance dictating that Plaintiff needed to step outside of her normal job duties and sweep Walmart's floor for them, but instead this was the Walmart manager's way of intentionally singling Plaintiff out due to her race and instructing her to perform needless tasks outside of her job duties to exercise his control over her.

14.    The Walmart Manager then kicked Plaintiff out of the store preventing her from doing her job due to her race.

15.    Plaintiff complained to Defendant's HR who appeared to be uninterested in helping Plaintiff.

16.    Plaintiff understood that Walmart was a customer of Defendant, Pepsi and Defendant, Pepsi had an interest in keeping its customers happy, but Defendant

is required to provide Plaintiff a working environment free of harassment and discrimination due to her race and there were a number of ways, Defendant could have accomplished that and allow Plaintiff to continue servicing Walmart.

17.     In addition to Walmart's manager demeaning Plaintiff due to her race, Plaintiff's supervisor treated aggressively and micro-managed how she did her job.

18.     Plaintiff's supervisor became increasingly hostile towards her and asked her to leave the store.

19.     Plaintiff left the store and reported the race discrimination and harassment to Defendant's HR department advising them that her supervisor was creating a hostile work environment.

20.     In or around April, 2024 Plaintiff's area manager chastised her, falsely accusing her of not doing her job, while behaving in a threatening, aggressive and hostile manner.

21.     Plaintiff immediately filed another complaint of race discrimination and harassment which created a hostile work environment.

22.     Defendant's discrimination and harassment interfered with Plaintiff for performing her job to the best of her ability.

23.     In response to Plaintiff's complaints, she was transferred to a new district under new management.

24.     After transferring to the new district, Plaintiff continued to be targeted

4

due to her race, including to be micro-managed and falsely accused of things she did not do and treated in an aggressive and hostile manner.

25.    Throughout her employment with Defendant, Pepsi, Plaintiff was repeatedly singled out for actions she did not commit and spoken to in an aggressive and hostile manner.

26.    Despite Plaintiff's multiple complaints, Defendant never took prompt remedial measures to stop the harassment.

27.    During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

28.    Moreover, Defendant was responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

29.    At all times relevant, Plaintiff was acting as an employee of Defendant, Pepsi and performed in job duties in an exemplar manner.

30.    Defendant, through their agents, representatives and employees, were predisposed to harass and discriminate against Plaintiff on the basis of her gender and acted in accordance with that predisposition.

31.    Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

32.    On January 23, 2025 the EEOC issued a Right to Sue letter allowing

Plaintiff to file Title VII claims against Defendant, Pepsi.

## COUNT I
## RACIAL DISCRIMINATION AND HARASSMENT

33.    Plaintiff incorporates by reference paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34.    Plaintiff belongs to a protected class as an African American.

35.    Plaintiff was subjected to unwelcome communication and conduct due to her race.

36.    The racially charged conduct towards Plaintiff was unwelcome.

37.    Defendant's conduct was intentional and motivated by Plaintiff's race as an African-American.

38.    The conduct was so severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

39.    Plaintiff believed his work environment to hostile and abusive as a direct result of Defendant's conduct.

40.    Plaintiff suffered adverse tangible employment actions as a result of the hostile work environment and was terminated due to her race.

41.    The ongoing and continuing unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or

created an intimidating, hostile, or offensive work environment for Plaintiff and Plaintiff was ultimately suspended due to her race .

42.    Pursuant to 42 U.S.C. §1981, Title VII and the ELCRA Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation, including suspension from his employer and/or supervisors based upon her race.

43.    Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

44.    Plaintiff was subjected to repeated and continuous discriminatory treatment, up to and including suspension based upon her race by Defendant, to the point where her status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

45.    Plaintiff is entitled to punitive, exemplary and compensatory damages pursuant to 42 U.S.C. §1981, Title VII and the ELCRA as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

46.    Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest, and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT II
## RETALIATION

47.     Plaintiff incorporates by reference paragraphs 1 through 46 of the Complaint as though fully set forth herein.

48.     Pursuant to 42 U.S.C. 1981 and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*, Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon her age, race  and national origin.

49.     Plaintiff's race were factors in Defendant's employment decisions.

50.     Defendant was Plaintiff's employer within the meaning of 42 U.S.C. 1981, Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

51.     During the course of her employment with Defendant, Plaintiff was subjected to constant unwelcome discrimination and harassment regarding her race creating a hostile work environment by Defendant.

52.     The race discrimination created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

8

53.     Plaintiff engaged in a protected activity when she complained to upper management of Defendant that he was being discriminated against due to her race and that she was being subjected to a hostile work environment.

54.     Defendant had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

55.     Despite having notice of the race discrimination and conduct toward Plaintiff, Defendant failed to take any remedial action but instead took adverse employment action against Plaintiff based upon her race and in retaliation for her complaints of harassment and discrimination.

56.     The race discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate 42 U.S.C. 1981, Title VII and the Michigan Elliott- Larsen Civil Rights Act, MCL 37.2101 *et seq*.

57.     As a proximate result of the Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and

just.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-telephone
    (248) 940-5848-fax
    sbatey@bateylaw.com

Dated: April 3, 2025

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Shantya Fields, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, MI 48025
    (248) 540-6800-telephone
    (248) 940-5848-fax
    sbatey@bateylaw.com

Dated:  April 3, 2025

10